**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MARCHETTI,** | : | **CIVIL ACTION** |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **46 LABS, LLC d/b/a HYPERCUBE** | : | |
| **NETWORKS, et al.,** | : | |
| ***Defendants.*** | : | **NO. 26-5805** |

**ORDER**

**AND NOW**, this **18th** day of **August 2026**, upon consideration of Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery Pursuant to Fed. R. Civ. P. 26(d) (ECF No. 2), and the docket, it is hereby **ORDERED** that the Motion (ECF No. 2) is **DENIED**.[1]

---

[1] Plaintiff seeks to conduct limited expedited discovery, before a Rule 26(f) conference is held in the above-captioned case, for the purpose of identifying the presently unknown John Doe Defendants. ECF No. 2. Federal Rule of Civil Procedure 26(d) provides that a litigant "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "When faced with requests to expedite discovery under Rule 26(d), courts in the Third Circuit generally follow a 'good cause' or 'reasonableness' standard." *Barbieri v. Wells Fargo & Co.*, No. 09-cv-3196, 2012 WL 3089373, at *3 (E.D. Pa. July 27, 2012) (collecting cases).

Under the reasonableness standard, "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. 03-cv-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (internal quotations and citation omitted). With respect to good cause, courts evaluate whether the plaintiff's "need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1-9*, No. 07-cv-1515, 2008 WL 919701, at *10 n.22 (W.D. Pa. Apr. 3, 2008). Courts also take into account the following factors: "the timing of the request for expedited discovery in relation to the start of formal discovery, whether the requests are overly broad, whether the requesting party will suffer irreparable harm if discovery is not expedited, and whether there is a preliminary injunction hearing pending." *Barbieri*, 2012 WL 3089373, at *3.

Here, Plaintiff seeks discovery "to determine the identities of persons and entities that originated, operated, controlled, directed, funded, purchased, administered, transmitted, or otherwise caused the challenged calls," but does not identify the intended recipients of these discovery requests, simply stating that they will be served "upon appropriate persons or entities." ECF No. 2 at 2, 8. The contemplated discovery requests include 16 broad requests for documents

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

seeking all manner of records and communications relating to calls to Plaintiff's telephone number. ECF No. 1-1 at 4–6. Thus, the discovery requested appears overly broad and unreasonable. Additionally, Plaintiff does not articulate any reasons for why this discovery cannot be requested after the start of formal discovery. *See Murguly v. Locke*, No. 19-cv-14471, 2020 WL 2401354, at *2 (D.N.J. May 11, 2020) (denying request for expedited discovery where "Plaintiff has demonstrated no reason why the Court should deviate from the Federal Rules to allow expedited discovery"). Accordingly, Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery Pursuant to Fed. R. Civ. P. 26(d) (ECF No. 2) is denied.