**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MARCHETTI,** | : | **CIVIL ACTION** |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **46 LABS, LLC d/b/a HYPERCUBE** | : | |
| **NETWORKS, et al.,** | : | |
| ***Defendants.*** | : | **NO. 26-5805** |

**ORDER**

**AND NOW**, this **18th** day of **August 2026**, upon consideration of Plaintiff's Emergency Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction to Preserve the Status Quo and Prevent Material Foreign Transfer of Assets (ECF No. 9), and the docket, it is hereby **ORDERED** that the Emergency Motion (ECF No. 9) is **DENIED**.

The Court finds that Plaintiff has not met the standard for granting a temporary restraining order or a preliminary injunction because Plaintiff has failed to demonstrate irreparable harm, as he has not made a showing that he is "likely to become entitled to the encumbered funds upon final judgment and . . . that without the [preliminary injunctive relief], [he] will probably be unable to recover those funds." *Forcel Media Ltd. v. DecYI*, No. 2:25-cv-750, 2025 WL 1665586, at *5 (W.D. Pa. June 12, 2025) (citation omitted) (first alteration in original). "A prejudgment asset restraint—let alone one requested without any notice to the defendant—is an extraordinary measure not to be employed simply to secure a pot of money for later recovery of damages." *In re "Schedule A" Cases*, No. 2:25-cv-926, 2025 WL 1906814, at *3 (W.D. Pa. July 10, 2025) (internal quotations and citation omitted). "[A]bsent some evidence that the defendant has transferred or is transferring assets to avoid judgment in the specific case," the Court will not grant a motion seeking preliminary injunctive relief to prevent Defendants from freely utilizing their assets. *Id.*;

*see AMJ Cap. OZ Fund I, LLC v. MZF Tr.*, No. 25-cv-1397, 2025 WL 2617898, at *16 (D.N.J. Sept. 10, 2025) ("[T]o the extent that Plaintiffs seek injunctive relief to freeze assets that Defendants may eventually need to satisfy any monetary award issued against them, such a motion is speculative and premature[.]") (internal quotations and citation omitted). Here, Plaintiff has put forward no concrete evidence that Defendants have made or are making transfers "intended to place assets beyond the Court's jurisdiction" beyond conclusory statements about foreign headquarters and corporate contacts. ECF No. 9 at 5, 6. Such statements do not suffice to establish that Plaintiff is entitled to preliminary injunctive relief.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**