**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

JOHN MARCHETTI,

Plaintiff,

v.

46 LABS, LLC d/b/a HYPERCUBE NETWORKS;
DIGITAL SOLUTIONS INC., individually and doing business as
GDS TELECOM and GDS SOLUTIONS;
RURAL TELECOM EXPERTS, INC.; and JOHN DOES 1–10,

Defendants.

Civil Action No.
2:26-
cv-05805-CFK

**PLAINTIFF'S MOTION FOR COURT-ORDERED ALTERNATIVE SERVICE ON DIGITAL SOLUTIONS INC. AND EXTENSION OF TIME TO SERVE**

Plaintiff John Marchetti, proceeding pro se, moves under Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1), and 4(m), and Pennsylvania Rule of Civil Procedure 430(a), for an order authorizing alternative service upon Defendant Digital Solutions Inc., doing business as GDS Telecom and GDS Solutions ("GDS"), and extending the deadline to complete service. In support:

1. Plaintiff filed this action on August 13, 2026 (ECF No. 1) and filed the First Amended Complaint on August 17, 2026 (ECF No. 7).

2. Plaintiff retained Denver Attorney Services, LLC to serve the summons, First Amended Complaint, and accompanying materials upon GDS through its registered agent in Denver, Colorado.

3. On September 4, 2026, the process server attempted service at 1401 17th Street, Denver, Colorado. The company was not listed in the directory, and building security could not locate it. Plaintiff's Exhibit AS-1.

4. On September 15, 2026, the same process server attempted service at 1050 Curtis Street, Suite 1000, Denver, Colorado. The process server reported that the business was no longer at that address. Plaintiff's Exhibit AS-1.

5. GDS's website identified 1050 Curtis Street as its Denver location in screenshots dated August 17 and October 17, 2026, and separately invited visitors with the words "COME TO SEE US" above that Denver address. Plaintiff alleges that GDS is misrepresenting its physical location and accessibility to evade service of process. Plaintiff's Exhibit AS-4. A Colorado business-record screenshot and returned postal items provide additional information about efforts to locate GDS. Plaintiff's Exhibits AS-3 and AS-5.

6. Plaintiff contacted DavidA@gdstelecom.net and support@gdstelecom.net on August 13, 2026, requesting identification of a person authorized to accept service or a waiver of service; Plaintiff expressly stated that the email was not formal service. Plaintiff's Exhibit AS-6.

7. A GDS representative previously responded to Plaintiff using DavidA@gdstelecom.net. Plaintiff's Exhibit AS-6. The FCC's October 5, 2026 Final Determination and Removal Order identifies the same email address as used by Digital Solutions Inc.'s compliance department and directs delivery of that order to support@gdstelecom.net. Plaintiff's Exhibit AS-7.

8. The FCC order also documents returned postal correspondence to the 1050 Curtis Street address. Plaintiff relies on this fact as corroboration of difficulty using the published physical address and, together with the other circumstances described, as support for Plaintiff's allegation that GDS is evading service of process.

9. Plaintiff requests authorization to transmit a clerk-issued summons, the operative First Amended Complaint, this Court's order, and any other required initiating documents as PDF attachments to BOTH DavidA@gdstelecom.net and support@gdstelecom.net, with a

proof-of-transmission declaration filed afterward. Plaintiff requests that service be deemed complete on the date of transmission if neither message is returned as undeliverable, or on another date the Court specifies.

10. Plaintiff also requests an extension of time under Rule 4(m) until 30 days after entry of the order, or another reasonable date, to accomplish authorized service and file proof.

WHEREFORE, Plaintiff respectfully requests that the Court grant the relief stated above and enter the accompanying proposed order.

Dated: October 17, 2026

Respectfully submitted,

John Marchetti
Plaintiff, Pro Se
113 Academy Rd
Clifton Heights, PA 19018
jmarchetti4@gmail.com
610-638-9809