**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

JOHN MARCHETTI,

Plaintiff,

v.

46 LABS, LLC d/b/a HYPERCUBE NETWORKS;
DIGITAL SOLUTIONS INC., individually and doing business as
GDS TELECOM and GDS SOLUTIONS;
RURAL TELECOM EXPERTS, INC.; and JOHN DOES 1–10,

Defendants.

Civil Action No. 2:26-cv-05805-CFK

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE AND EXTENSION

## I. ISSUE

Whether, following unsuccessful attempts to serve Defendant Digital Solutions Inc., doing business as GDS Telecom and GDS Solutions (“GDS”), at its registered-agent and published business addresses, the Court should authorize service through documented company email addresses and extend the time for service.

## II. RULE

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation in a United States judicial district using the state-law methods incorporated by Rule 4(e)(1). Rule 4(e)(1) permits service in accordance with the law of the forum state or the state where service is made. Pennsylvania Rule of Civil Procedure 430(a) permits a special order directing service when ordinary service cannot be made; the motion must be supported by an affidavit describing the investigation and why service cannot be accomplished. Fed. R. Civ. P. 4(m) requires an

extension upon good cause and permits a discretionary extension otherwise. Any ordered method must be reasonably calculated to provide notice and an opportunity to respond. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

## III. APPLICATION

Plaintiff arranged for a professional process server to attempt service at two addresses associated with GDS. Neither attempt succeeded. The affidavit records specific observations supporting Plaintiff's allegation that GDS is misrepresenting its physical location and accessibility to evade service of process. AS-1. Plaintiff also requested an authorized recipient or waiver directly from company email contacts. AS-6. The requested addresses are not speculative: a GDS representative used DavidA@gdstelecom.net in correspondence with Plaintiff, and the FCC's final order identifies that address in Digital Solutions compliance correspondence and identifies support@gdstelecom.net as an address for delivery of its order. AS-6, AS-7. Sending the summons and First Amended Complaint to both addresses is more likely to provide actual notice than further delivery to physical locations where service has failed. Plaintiff asks the Court to prescribe any supplementary method it considers necessary. The prompt documented attempts and impending deadline also support a reasonable extension under Rule 4(m).

## IV. CONCLUSION

The Court should authorize alternative service to both identified company email addresses and extend the service deadline for 30 days following its order, or provide alternative directions that will accomplish notice.

Respectfully submitted,

John Marchetti
Plaintiff, Pro Se

113 Academy Rd
Clifton Heights, PA 19018
jmarchetti4@gmail.com
610-638-9809
Dated: October 17, 2026