# PLAINTIFF'S EXHIBIT AS-6

GDS Email Correspondence

Gmail

**John Marchetti <jmarchetti4@gmail.com>**

---

## URGENT: NOTICE OF INTENT TO SUE AND PENDING LITIGATION, AND DEMAND FOR EVIDENCE PRESERVATION

---

**DavidA** <DavidA@gdstelecom.net> Thu, Jul 23, 2026 at 12:06 PM
To: John Marchetti <jmarchetti4@gmail.com>
Cc: support@gdstelecom.net, noc@rteedge.com

Mr. Marchetti,

We are in receipt of your notice and hereby confirm that we have placed a call blocking if any of our clients attempt to contact your number: 610-638-9809.

Should you need any further information, please contact me directly.Sin

Sincerely,
Global Digital Solutions
Compliance Dept

[Quoted text hidden]

Gmail

John Marchetti <jmarchetti4@gmail.com>

# URGENT: NOTICE OF INTENT TO SUE AND PENDING LITIGATION, AND DEMAND FOR EVIDENCE PRESERVATION

**John Marchetti** <jmarchetti4@gmail.com> Thu, Aug 13, 2026 at 3:33 PM
To: DavidA <DavidA@gdstelecom.net>, support@gdstelecom.net

Hello DavidA, and Whomever else this communication may concern:

I have not received response from your attorney or any other representative since we last spoke, therefore,

The action concerning the unsolicited calls previously addressed in our communications has now been filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action number: Case 2:26-cv-05805-CFK. A courtesy copy of the filed Complaint is attached.

I have also filed a Motion for Limited Expedited Discovery seeking authority to obtain records and information concerning the origination, routing, provisioning, account relationships, communications, and identities associated with the calls alleged in the Complaint. That motion and its supporting materials are available on the Court's docket.

Please provide the name and address of your registered agent or other person authorized to accept service of process, or identify counsel who is authorized to accept service on your behalf. Alternatively, please advise whether you will execute a waiver of service pursuant to Fed. R. Civ. P. 4(d).

This email and attachment are being provided as a courtesy copy and are not intended by Plaintiff to substitute for service of process under Rule 4.

Best Regards,

John Marchetti

[Quoted text hidden]

**2 attachments**

**ExhibitAMarchettiV46LabsEtAl.pdf**
93K

**complaintMarchettiV46labsEtAl.pdf**
118K

Gmail

**John Marchetti <jmarchetti4@gmail.com>**

# URGENT: NOTICE OF INTENT TO SUE AND PENDING LITIGATION, AND DEMAND FOR EVIDENCE PRESERVATION

5 messages

**John Marchetti** <jmarchetti4@gmail.com> Thu, Jul 23, 2026 at 11:58 AM
To: support@gdstelecom.net, noc@rteedge.com

**NOTICE OF INTENT TO SUE AND DEMAND FOR EVIDENCE PRESERVATION**

**DATE:** July 23, 2026

**VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED & ELECTRONIC MAIL**

**TO:**
**Global Digital Solutions**
Attn: Legal Department / Network Operations
NOGAL 318, Primavera Jalisco 48325
Puerto Vallarta, Mexico
Email: support@gdstelecom.net

**Rural Telecom Experts, Inc.**
Attn: Paul Branden, President / Legal Department
1329 N State St, Suite 308
Bellingham, WA 98225
Email: noc@rteedge.com

**RE: Notice of Pending Telephone Consumer Protection Act (TCPA) Litigation, Malicious Caller ID Spoofing, and Immediate Demand for Client Identification and Evidence Preservation**

To Whom It May Concern:

Please accept this letter as formal, written **Notice of Intent to Sue** and notice of pending legal action against your respective entities, your corporate affiliates, and your downstream clients.

For the past 90 days, my cellular telephone number, **610-638-9809**, has been bombarded by a massive, automated, AI led RoboCalls, and highly sophisticated lead generation campaign. The initiating party engaged in severe, malicious violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Truth in Caller ID Act, the Telemarketer Registration Act (TRA), 73 P.S. § 2241 et seq., and the Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) which includes enhanced statutory damages to apply consecutive to Federal claims. Specifically, the caller provided spoofed numbers by AI Generated Robo Callers, that left messages including return call toll free numbers (approximately 17 used interchangeably) over a more than 3 month campaign of harassment to my phone number despite me having been on both the national and State of Pennsylvania DO NOT CALL LIST for YEARS, and in spite of several requests when speaking to these agents when the number was call back to not call me upon which they assured me that I was on their do not call list. In addition all of the automated removal lists when the numbers were called back were disabled in a disingenuine attempt to make it appear as IF they had proper safety protocols in place for compliance when they did not. Furthermore, the caller manipulated carrier signaling services to bypass my device's "Do Not Disturb" (DND)

settings and deliberately spoofed my own phone number with regard to my car bluetooth interface to make it appear as though I was calling myself in my car, while the spoofed number still appeared on my phone, forcing the calls through to my car as my own number and preventing me from blocking or rejecting them, causing serious driving safety issues. I have logged over 100 calls over more than a three month time period beginning on April 8, 2026, and continuing up until a few days ago when you were contacted by the upstream carrier, 46 Labs, LLC. Sometimes these calls came in twice per days, which included SUNDAYS which are strictly forbidden under Pennsylvania's state laws and regulations for telemarketers.

The upstream carrier, **46 Labs, LLC**, has confirmed through its internal network routing logs that these illegal calls originated from and were routed through your respective communication networks. Furthermore, 46 Labs, LLC has confirmed that your companies explicitly communicated with the underlying client to secure an "assurance" that my number was placed on a "Do Not Call" list. This statement constitutes a binding admission that you have already identified, communicated with, and possess the direct corporate identity of the bad actor responsible for these violations.

## I. DEMAND FOR IMMEDIATELY ACQUIRED CLIENT INFORMATION

To avoid being named as direct co-defendants or co-conspirators in the impending civil lawsuit, you are hereby requested to voluntarily disclose the following information within **ten (10) business days** of receipt of this notice:

1. The true legal entity name, corporate address, physical location, state of incorporation, phone number, and primary contact details of the client account responsible for routing traffic to my phone number during the last 90 days.
2. The specific dialer platform, software, or application utilized by said client to initiate these calls through your network gateways.
3. Call Detail Records (CDRs): All routing logs, session initiation protocol (SIP) signaling logs, timestamp data, and originating IP addresses for every call routed to my number, and every call routed from and to that client's number(s) since April 8, 2006, and as far back as your records go. Those numbers are attached in the PDF document attached within this communication.
4. Account & Billing Records: All registration forms, contracts, Know Your Customer (KYC) documentation, tax IDs, credit card details, bank account info, and processing records linked to the specific client account.
5. Communication Logs: All emails, support tickets, internal chat logs, Slack messages, and telephone recordings between your companies, 46 Labs, LLC, and the underlying client regarding my complaints or the "Do Not Call list" assurance.
6. Database Audits: Any logs showing modifications made to the client’s dialing database or internal "Do Not Call" scrubbing list regarding my phone number.

## II. FORMAL DEMAND FOR PRESERVATION OF EVIDENCE

You are hereby notified that you have a legal obligation to preserve all evidence relevant to this dispute. You must take immediate steps to place a **Litigation Hold** on all electronic, physical, or automated records regarding this matter.

Do not destroy, delete, overwrite, modify, alter, or discard any records, data, or metadata related to the calls made to my number. This preservation demand specifically includes, but is not limited to:

- **Call Detail Records (CDRs):** All routing logs, session initiation protocol (SIP) signaling logs, timestamp data, and originating IP addresses for every call routed to my number,  and every call routed from and to that client's number(s) since April 8, 2006, and as far back as your records go. Those numbers are attached in the PDF document attached here in.
- **Account & Billing Records:** All registration forms, contracts, Know Your Customer (KYC) documentation, tax IDs, credit card details, bank account info, and processing records linked to the specific client account.
- **Communication Logs:** All emails, support tickets, internal chat logs, Slack messages, and telephone recordings between your companies, 46 Labs, LLC, and the underlying client regarding my complaints or the "Do Not Call list" assurance.
- **Database Audits:** Any logs showing modifications made to the client's dialing database or internal "Do Not Call" scrubbing list regarding my phone number.

Failure to maintain these records will be construed as a deliberate and willful destruction of evidence (**spoliation of evidence**). This will result in a formal request for an adverse inference instruction to the court, court-ordered sanctions, and punitive financial damages against your companies, and may constitute criminal malfeasance and complicity under the Sarbanes-oxley act for destruction of evidence in an ongoing investigation.

## III. PENDING LEGAL REMEDIES

A civil complaint is being filed within the next 10 days currently against John Doe (lead generation/telemarketing company) and naming your companies as active co-conspirators. If you fail to comply with this data preservation demand, or if you refuse to cooperate in identifying the primary tortfeasor, that complaint will be filed immediately against your companies and "John Doe" corporations in a court of competent jurisdiction. Under the TCPA, damages range from **$500 to $1,500 per individual call**. **In addition, and concurrent to the above fines, there are additional Pennsylvania statutory fines up to $1000 per call which will be added to the above amount. Because the caller willfully and knowingly manipulated carrier services to override my phone hardware configurations, I will seek trebled damages for every single violation.**

Please confirm in writing via email within forty-eight (48) hours of receipt of this notice that the Litigation Hold has been successfully implemented and that all requested evidence has been secured.

Sincerely,

**John Marchetti**
**113 Academy Rd, Clifton Heights, PA 19018**
**jmarchetti4@gmail.com**
**610-638-9809**

---

**More concise Call Log history.pdf**
80K

---

**DavidA** <DavidA@gdstelecom.net> Thu, Jul 23, 2026 at 12:06 PM
To: John Marchetti <jmarchetti4@gmail.com>
Cc: support@gdstelecom.net, noc@rteedge.com

Mr. Marchetti,

We are in receipt of your notice and hereby confirm that we have placed a call blocking if any of our clients attempt to contact your number: 610-638-9809.

Should you need any further information, please contact me directly.Sin

Sincerely,
Global Digital Solutions
Compliance Dept

[Quoted text hidden]

---

**John Marchetti** <jmarchetti4@gmail.com> Thu, Jul 23, 2026 at 3:05 PM
To: DavidA <DavidA@gdstelecom.net>

Hello David,

Thank you for your prompt response, and while I appreciate the call remediation by putting me in your do not call list (which I have never heard of a carrier in itself having one, mostly just clients but okay), there is still the aggravating factors of over three months of calls on a daily basis, multiple times per day, in which the particular client refused to cease despite being told I was on both national and state of PA do not call lists, and those callers themselves saying I was on their do not call lists but I still received calls, everyday, until apparently you put me on your list. This client manipulated carrier signals somehow to ignore my do not disturb settings and trick my car into believing the incoming call was from my own phone so it could not be ignored or blocked. These are very serious issues and they are still outstanding until I receive compensation, and that statutory compensation has reached into the hundreds ot thousands of dollars range up to the point that the calls stopped and that is not including legal fees, court costs, and additional investigative fees, if necessary to conclude the matter outstanding. They went TOO far and I have too much time and money invested to just say, hey, great they stopped...which would have been appropriate after the first call or second call, instead of them intentionally escalating.

With that being said, I anticipate you will provide the client information, and all the other information requested very shortly? It will save me from needing to file FCC complaints to compel, and will more directly focus my lawsuit on the responsible party (which I will give a single opportunity to settle beforehand, which will not be cheap as they are pretty close to about $500K in statutory fines currently), or will you need me to file the suit and FCC complaints and issue subpeonas? The PA state attorney general just asked me to update them on my investigation as well because it may help in one of their own. If I need to file suit to get the information, which I will eventually get, then it may be costly for your company as legal fees, court costs, additional investigation fees and more time, will attach, as well as consideration as to who is cooperating and who is conspiring. Once I do go the court route to get this done, I will also target the banks and lending institutions that are paying your client for the lead generation/telemarketing services and I plan to make it very public, as I will get all of that information through discovery.

Please let me know when, and if I can expect that client info and all the related information I requested in my notice to you?

Additionally, what is your last name, David? So I know who specifically I am dealing with, if you don't mind?

Sincerely,
John Marchetti
113 Academy Rd.
Clifton Heights, PA 19018
610-638-9809
[Quoted text hidden]

---

**John Marchetti** <jmarchetti4@gmail.com> Mon, Jul 27, 2026 at 1:20 AM
To: DavidA <DavidA@gdstelecom.net>, support@gdstelecom.net

Hello DavidA,
After much thought and consideration, based on your ability to block traffic etc, if occurred to me you are the client, and as much responsible as the other two companies involved, but you already know this. Please take note of this one time pre-littigation settlement offer. If this one time offer is not accepted and once I file in court, it will not end anything short of the full statutory amount of damages plus attorney fees and court costs, as well as any other legal remedies available to me. I hope you consider this offer carefully. I did not appreciate it when you reps laughed at me and accused me of 'joking' when I told them I would find the company and hold you all responsible, and I did find you. So, in the least, when I say something is going to happen a certain way, you can mark my words on it.

**FROM:**

John Marchetti
113 Academy Rd.
Clifton Heights, PA 19018

**PRE-LITIGATION DEMAND LETTER**

**TO:**

**46 Labs, LLC dba Hypercube Networks**
Attn: Legal & Compliance Department
1503 E. 19th St., Edmond, OK 73013
Amy.Lasitter@46labs.com
Cert. Mail Tracking: 9589 0710 5270 0596 6664 96; Mailed 7/25/26

**GDS Telecom, LLC (GDS Solutions)**
Attn: Legal Department / David
1050 Curtis Street, Denver, CO 80202
support@gdstelecom.net; DavidA@gdstelecom.net
Cert. Mail Tracking: 9589 0710 5270 0596 6652 60; Mailed 7/25/26

NOGAL 318, Primavera
Jalisco 48325 Puerto Vallarta, Mexico
support@gdstelecom.net; DavidA@gdstelecom.net

**Rural Telecom Experts, Inc.**
Attn: Director of Regulatory Compliance
1329 N. State Street, Suite 308, Bellingham, WA 98225
noc@rteedge.com
PM Express Mail, Signature & Return Receipt Requested
Tracking: 9570 1124 3266 6206 6340 60; Mailed 7/25/26

**SENT VIA:** CERTIFIED MAIL (RETURN RECEIPT REQUESTED) & CORPORATE EMAIL
**DATE:** July 27, 2026
**RE:** FINAL NOTICE PRIOR TO FEDERAL LITIGATION — JOINT AND SEVERAL LIABILITY
**GLOBAL DISPUTE RESOLUTION DEMAND:** $300,000.00

To Whom It May Concern,

This letter serves as a formal, unified **Final Notice Prior to Litigation** to all caption entities regarding a severe, continuous course of illegal telemarketing actions perpetrated against my telephone number over the last three+ (3) months. Let this letter make it explicitly clear: you are receiving this document simultaneously because your corporate networks have actively formed the downstream transmission chain that executed these systemic violations of federal and state law.

My telephone number has been actively registered on the National Do Not Call Registry for years. Despite this, over the past 90+ days, I have been subjected to an abusive campaign of **over 100 illegal telemarketing calls**, frequently occurring multiple times per day, including illegal Sunday transmissions. These calls intentionally bypassed standard network filters through severe caller ID spoofing and utilized unauthorized, AI-generated robocall voices. I explicitly issued instructions to stop calling, which were entirely ignored while your downstream operations actively worked to mask the true identity of the caller.

Through a rigorous forensic investigation tracking carrier signaling and number routing data, I mapped the network path directly from Lingo LLC back to numbers actively owned and provisioned by **46 Labs, LLC / Hypercube Networks**. When formally confronted with an intent to sue, 46 Labs chose to delay discovery and protect its downstream commercial relationships until I firmly asserted their legal exposure. 46 Labs subsequently disclosed that it secured permission from its network operators to surrender the contact details for **GDS Telecom (GDS Solutions)** and **Rural Telecom Experts, Inc.**

Following my initial inquiry to GDS Telecom, an agent named DavidA responded by confirming that my number had been placed on "their do not call list so I would not receive any calls from *their clients*."

**Stripping of Common Carrier Immunity & Active Liability**

Do not attempt to shield your companies behind the passive "common carrier" immunity doctrines of the Communications Act. Your network activities have completely stripped away those protections:

1. **GDS Telecom / Solutions Liability:** A traditional carrier routes generic public utility traffic; they do not maintain selective, commercial telemarketing "Do Not Call" lists for their end-users. By managing a DNC list for your software and admitting that you police what traffic "your clients" send through your specialized network, GDS has legally established that it operates as an outbound Gateway/VoIP Solutions Provider. Under the Telephone Consumer Protection Act (TCPA) and FCC precedents established by cases like *XCast Labs* and *Avid Telecom*, gateway providers that package automated dialing software, provide spoofed local numbers, and fail to immediately mitigate illegal traffic are directly liable for "assisting and facilitating" the tort.

2. **46 Labs / Hypercube Liability:** As the RespOrg that owns and leases these specific toll-free and localized numbers, 46 Labs has a strict federal "Know Your Customer" (KYC) regulatory duty. By failing to audit downstream clients, choosing to negotiate with bad actors behind the scenes, and actively stalling a private citizen's investigation rather than immediately cutting off the abusive network traffic, 46 Labs acted with willful blindness, making you a complicit facilitator of a continuous civil trespass.

**Calculation of Compound Damages**

Under federal and Pennsylvania state statutes, a single automated call can break multiple separate regulations simultaneously, triggering distinct, compound baseline fines. Because these violations were performed knowingly and willfully in open defiance of my verbal demands and the National DNC registry, the baseline statutory damage calculation is catastrophic:

- **Federal TCPA Violations:** 100+ calls at $1,500 per call for willful/knowing violations of the automated/DNC restrictions.

- **Pennsylvania State TRCA Violations:** 100+ calls at $1,000 per violation, triggered separately by strict state bans on Sunday telemarketing, caller ID neighbor-spoofing, and deceptive AI-generated voices.

- **PA UTPCPL Treble Damages:** Pennsylvania law explicitly authorizes a court to triple (treble) these statutory calculations due to the fraudulent, deceptive nature of the underlying campaign.

Accordingly, the civil value of this impending action sits comfortably **in excess of $500,000.00**.

**Final Settlement Offer & 7-Day Deadline**

I am extending exactly **ONE** pre-litigation opportunity to resolve this entire matter cleanly out of court. I am entirely indifferent to how this financial liability is allocated behind your respective corporate doors—whether 46 Labs resolves it as the deep-pocket number provider, GDS and Rural Telecom fund it, or you split the cost collectively.

To achieve a full and final global resolution of all civil claims arising from this matter, my firm demand is **$300,000.00**, to be executed via certified cashier's funds within seven (7) business days of the date of this notice, a firm deadline of 5:00 PM, Tuesday, August 4, 2026.

Simultaneously upon the verified clearance of these funds, I will execute a standard, mutual Civil Release and Non-Disclosure Agreement (NDA). This NDA will strictly govern the confidentiality of the civil settlement terms, legally preventing me from publicly discussing the resolution, publishing online consumer guides or video breakdowns regarding this specific dispute, or pursuing further civil litigation against 46 Labs, GDS, or Rural Telecom Experts, provided no additional bad acts occur going forward.

If verified payment is not completed within 7 business days, a firm deadline of 5:00 PM, Tuesday, August 4, 2026, this offer is permanently withdrawn. I will immediately initiate legal proceedings resulting in filing formal Civil Complaint in the U.S. District Court for the Eastern District of Pennsylvania naming all three entities as primary co-defendants. Once filed in federal court, I will fully execute the discovery process, utilizing federal subpoenas to compel your unredacted Call Detail Records (CDRs), corporate bank routing history, and service contracts to identify and enjoin any and all of your downstream clients that may be involved one by one, as you have already been legally and actively noticed of your responsibility to maintain all relevant records.

Govern yourselves accordingly. I expect your prompt, unified response.

Sincerely,

John Marchetti
113 Academy Rd
Clifton Heights, PA 19018
610-638-9809
jmarchetti4@gmail.com

[Quoted text hidden]

---

**Pre-Litigation Demand.pdf**
91K

---

**John Marchetti** <jmarchetti4@gmail.com> Thu, Aug 13, 2026 at 3:33 PM
To: DavidA <DavidA@gdstelecom.net>, support@gdstelecom.net

Hello DavidA, and Whomever else this communication may concern:

I have not received response from your attorney or any other representative since we last spoke, therefore,

The action concerning the unsolicited calls previously addressed in our communications has now been filed in the United States District Court for the Eastern District of Pennsylvania under Civil Action number: Case 2:26-cv-05805-CFK. A courtesy copy of the filed Complaint is attached.

I have also filed a Motion for Limited Expedited Discovery seeking authority to obtain records and information concerning the origination, routing, provisioning, account relationships, communications, and identities associated with the calls alleged in the Complaint. That motion and its supporting materials are available on the Court's docket.

Please provide the name and address of your registered agent or other person authorized to accept service of process, or identify counsel who is authorized to accept service on your behalf. Alternatively, please advise whether you will execute a waiver of service pursuant to Fed. R. Civ. P. 4(d).

This email and attachment are being provided as a courtesy copy and are not intended by Plaintiff to substitute for service of process under Rule 4.

Best Regards,

John Marchetti

[Quoted text hidden]

---

**2 attachments**

**ExhibitAMarchettiV46LabsEtAl.pdf**
93K

**complaintMarchettiV46labsEtAl.pdf**
118K