**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MARCHETTI,** *Plaintiff,* v. **46 LABS, LLC d/b/a HYPERCUBE NETWORKS, DIGITAL SOLUTIONS INC., et al.,** *Defendants.* | : | **CIVIL ACTION** **No. 26-5805** |

**MEMORANDUM**

**KENNEY, J.** **October 20, 2026**

Plaintiff John Marchetti ("Plaintiff"), proceeding *pro se*, brings this suit against Defendant 46 Labs doing business as Hypercube Networks (the "Defendant" or "Defendant 46 Labs"), and others (Plaintiff has sued four defendants and John Does 1–10), asserting claims for violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227(b)(1)(A)(iii) and (c)(5); violations of the Pennsylvania Telemarketer Registration Act (the "PTRA"), 73 P.S. §§ 2241 et seq.; and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 P.S. §§ 201-1 et seq. ECF No. 7 ¶¶ 42, 49–51, 86–90, 97–99, 107–109, 114–117.

Presently before the Court is Defendant 46 Labs's Motion to Dismiss the Amended Complaint (ECF No. 16), Plaintiff's Response in Opposition (ECF No. 19), Defendant's Reply (ECF No. 20), and Plaintiff's Sur-reply (ECF No. 21).[1] For the reasons set forth below, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Dismiss (ECF No. 16). Counts III and IV are dismissed with prejudice. Counts I and II remain.

[1] The Court has also received a Motion to Dismiss from Defendant Rural Telecom Experts, Inc. for lack of personal jurisdiction and, in the alternative, for failure to state a claim upon which relief may be granted. ECF No. 25. At this time, this Motion is not ripe and remains pending before the Court.

## I. BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true at the motion-to-dismiss stage. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff alleges that since April 8, 2026, Defendants called him more than one hundred times to "solicit consumer lending or related financial services" as part of a robocall and artificial-intelligence-assisted campaign. ECF No. 7 ¶¶ 1–3. According to Plaintiff, he never consented to receive the subject calls and his cellular telephone number "had been registered on the National Do Not Call Registry continuously since October 17, 2014" and "registered on the Pennsylvania Do Not Call Registry since June 17, 2024." *Id.* ¶¶ 6–8. Despite "repeatedly and expressly instruct[ing] callers to cease calling him" and "invok[ing] his do-not-call rights," the calls continued. *Id.* ¶ 10, 12.

In an attempt to ascertain the origin of the calls, Plaintiff investigated the telephone numbers he believed to be "associated with the campaign." *Id.* ¶ 32. Plaintiff alleges that his "investigation identified 46 Labs, LLC d/b/a Hypercube Networks, Digital Solutions Inc., individually and doing business as GDS Telecom and GDS Solutions, and Rural Telecom Experts, Inc. as entities associated, in presently disputed capacities, with numbers, accounts, routing, customers, infrastructure, or services relevant to the campaign." *Id.* ¶ 33. Plaintiff then contacted a live representative from Defendant 46 Labs who informed him "two entities," Global Digital Solutions/GDS and Rural Telecom Experts, "sent you these calls." *Id.* ¶¶ 34–35. Plaintiff asserts that the named defendants, "individually and/or through relationships with one another and the presently unidentified Doe Defendants, participated in the telecommunications, account, platform, routing, number-management, customer, service, and/or operational chain through which the subject calls were initiated, caused, facilitated, transmitted, routed, provisioned, managed,

controlled, or delivered to Plaintiff." *Id.* ¶ 42. Likewise, "Plaintiff alleges that the known Defendants' respective acts and participation in the calling campaign constitute the conduct giving rise to the federal and Pennsylvania statutory violations pleaded." *Id.*

On September 8, 2026, Defendant 46 Labs filed its Motion to Dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 16. On September 15, Plaintiff filed his Response in Opposition to Defendant 46 Labs' Motion to Dismiss. ECF No. 19. On September 29, Defendant 46 Labs filed a Reply. ECF No. 20. Also on September 29, Defendant 46 Labs filed a Sur-reply. ECF No. 21. This issue is now ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S at 555). Similarly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint with prejudice in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16-1 at 3. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss as to Counts III and IV. The Court denies the Motion to Dismiss as to Counts I and II.

### A. Plaintiff's Claims Under the TCPA Survive the Motion to Dismiss.[2]

In Count I, Plaintiff alleges "[t]he known Defendants and one or more Doe Defendants, acting directly and/or through their respective telecommunications, customer, platform, routing, account, agency, vendor, contractor, or service relationships, made, initiated, caused, facilitated, transmitted, routed, or delivered calls to Plaintiff using artificial and/or prerecorded voices." ECF No. 7 ¶ 87. In Count II, Plaintiff alleges "Defendants responsible for the campaign failed to maintain, implement, honor, and/or comply with applicable do-not-call requirements and procedures, including after receiving actual notice of Plaintiff's do-not-call demands and complaints." *Id.* ¶ 97. Defendant 46 Labs moves to dismiss both Counts I and II because Plaintiff's Complaint failed to "plausibly allege that 46 Labs made, initiated, directed, controlled, or is otherwise legally responsible for the challenged calls" as required under §§ 227(b) and (c). ECF No. 16-1 at 6.

---

[2] Counts I and II are interconnected, as both §§ 227(b) and (c) require Plaintiff to show that Defendant is legally responsible for the challenged calls. Accordingly, the Court will address these claims in tandem.

"[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party[ ]retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 ¶ 26 (2013). Plaintiff acknowledges that he does not know the specific roles, account ownership, or contractual relationships of the defendants and that discovery is necessary to determine each defendant's involvement. ECF No. 7 ¶¶ 27, 40, 44, 48. Still, Plaintiff adequately alleges that his "investigation identified [that] 46 Labs, LLC d/b/a Hypercube Networks . . . [is] associated . . . with numbers, accounts, routing, customers, infrastructure, or services relevant to the campaign." *Id.* ¶ 33. Plaintiff additionally alleges that Defendant 46 Labs, "through Amy Lasitter, advised Plaintiff that . . . there were two entities that had 'sent . . . [him] these calls' and identified those entities[.]" *Id.* ¶ 34–35. At the motion-to-dismiss stage, the above allegations are sufficient to allege that Defendant "initiated" the calls under the statute. *See, e.g.*, *Abramson v. Oasis Power LLC*, 18-cv-479, 2018 WL 4101857, at *7–8 (W.D. Pa. Jul. 31, 2018); *Smith v. American-Amicable Life Ins. Co. of Tex.*, 22-cv-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022); *Marks v. Unique Lifestyle Vacations, LLC*, 20-cv-4915, 2024 WL 1051974, at *2 (E.D. Pa. Mar. 11, 2024); *Doyle v. Matrix Warranty Sols., Inc.*, 679 F.Supp.3d 42, 47–48 (D.N.J. 2023); *Cabral v. Penske Truck Leasing Co. LP*, 23-cv-1316, 2024 WL 1916701, at *5–6 (M.D. Pa. May 1, 2024).

Plaintiff's allegations regarding telephone solicitations are similarly sufficient to survive a Rule 12(b)(6) motion to dismiss. Defendant 46 Labs moves to dismiss Count II for failure to plausibly allege a qualifying telephone solicitation. ECF No. 16 at 3, 4–6. Plaintiff counters that he plausibly alleged direct liability and that Defendant 46 Labs "demands a hyper-technical

pleading standard that is entirely inappropriate prior to discovery[.]" ECF No. 19 at 2–4. The Court agrees that Plaintiff's factual allegations are sufficient at this stage in the proceedings.

"The TCPA is a consumer protection statute that seeks to protect consumers from invasions of privacy from debt collectors, telemarketers, and spammers alike." *Newell v. Children's Dental Health Assocs., LLC*, No. 25-cv-5238, 2026 WL 927378, at *3 (E.D. Pa. Apr. 6, 2026); *see also Susinno v. Work Out World Inc.*, 862 F.3d 346, 348 (3d Cir. 2017) ("The TCPA provides consumers with a private right of action for certain prohibited uses of automated telephone equipment."). "A telephone solicitation violates the [TCPA] if the purpose of the call encourages 'the purchase or rental of, or investment in, property, goods, or services.'" *Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. 23-cv-5114, 2024 WL 4228149, at *4 (E.D. Pa. Sept. 17, 2024) (quoting 47 C.F.R. § 64.1200(f)(15)); *see also* 47 U.S.C. § 227(a)(4) (employing the same definition of a telephone solicitation). Plaintiff avers that the subject calls intended to "solicit consumer lending or related financial services," (ECF No. 7 ¶¶ 2, 14) and that he "received repeated unsolicited commercial telephone calls concerning lending or financial service." *Id.* ¶ 66. Under the statutory definition, this is sufficient. *See, e.g.*, *Bradshaw v. CHW Grp., Inc.*, 763 F. Supp. 3d 641, 650 (D.N.J. 2025); *Zelma v. Penn LLC*, 19-cv-8725, 2020 WL 2778763, at *7 (D.N.J. Jan. 17, 2020); *see also* 47 C.F.R. § 64.1200(f)(15).

Accordingly, the Court finds that Counts I and II are well-plead.

**B. Plaintiff's Claim Under the Pennsylvania Telemarketer Registration Act (PTRA) Fails Because The Act Does Not Provide a Private Cause of Action.**

In Count III, Plaintiff alleges that "the known Defendants and one or more Doe Defendants . . . violated the [Pennsylvania Telemarketer Registration] Act." ECF No. 7 ¶ 107. Moreover, "Plaintiff seeks all relief legally available for proven violations." *Id.* ¶ 109. Defendant 46 Labs moves to dismiss Count III, arguing that "the PTRA does not provide a private cause of action."

ECF No. 16-1 at 9. In his Response, Plaintiff asserts that Defendant "46 Labs completely ignores the statutory bridge between the [PTRA] and the UTPCPL." ECF No. 19 at 6.

"Courts in this District have repeatedly held that the PTRA does *not* create a private cause of action." *Garcia v. Star Power Mktg. Grp., LLC*, No. 24-cv-4823, 2026 WL 1830937, at *6 (E.D. Pa. June 24, 2026) (emphasis in original) (citations omitted). *See also Weingrad*, 2024 WL 4228149, at *5 ("There is no private cause of action under the [PTRA]."); *Shelton v. FCS Cap. LLC*, No. 2:18-cv-3723, 2019 WL 6726404, at *3 (E.D. Pa. Dec. 11, 2019) (Plaintiff's claims pursuant to the PTRA failed as a matter of law because "[t]he PTRA vests enforcement authority with Pennsylvania's Attorney General, not individual consumers."); *see also* 73 Pa. Cons. Stat. § 2243. In his Response, Plaintiff all but concedes that there is no private right of action under the PTRA by pointing to a provision in the statute that states that the PTRA does not foreclose the possibility of consumers recovering under the UTPCPL's private right of action. ECF No. 19 at 8; *see also* 73 Pa. Cons. Stat. 201-9.2(a). Yet, as discussed *infra* at 9–10, "the UTPCPL's private action applies only to a 'person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal' as a result of covered unlawful practices." *Perrong v. CMI Marking Research Inc.*, No. 22-cv-3733, 2023 WL 6277299, at *3 (E.D. Pa. Sept. 26, 2023) (quoting 73 Pa. Cons. Stat. 201-9.2(a)). The Amended Complaint does not allege that Plaintiff made any purchases or leases as a result of the calls. ECF No. 7 ¶¶ 81–83. Plaintiff's claims under the PTRA thus fail and cannot be cured. The Court therefore dismisses Count III with prejudice in accordance with the relevant statutory language and prior decisions authored by this Court.

### C. Plaintiff's Claim Under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) Fails Because Plaintiff is Unable to Satisfy the Statutory Requirements.

Relatedly, in Count IV, Plaintiff merely concludes that the "[PTRA] provides that violations of that Act constitute violations of the UTPCPL." *Id.* ¶ 111. This claim fails as a matter of law. "[T]he PTRA may serve as a predicate claim under [the UTPCPL] when 'a person [] purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal as a result of covered unlawful practices[.]'" *Garcia*, 2026 WL 1830937, at *6 (quoting *Weingrad*, 2024 WL 4228149, at *6) (internal quotation marks omitted). Plaintiff "cannot sidestep the General Assembly's policy by presenting his [PTRA] claim as a predicate claim under [the UTPCPL]" because he did not allege a qualifying consumer transaction. *Weingrad*, 2024 WL 4228149 at *6. Here, Plaintiff does not allege that he "purchase[d] or lease[d] goods or services," nor does he allege that he "suffer[ed] any ascertainable loss of money or property, real or personal," to afford him "a private [cause of] action to recover [] damages." 73 P.S. § 201-9.2(a). Plaintiff only alleges that he received unwanted calls despite repeatedly confirming with live representatives that he was on a do-not-call list, subsequently attempted to opt out, and experienced "unwanted intrusions," distractions, and interruptions to his "work and ordinary daily activities." ECF No. 7 ¶¶ 70–73, 81–83. Plaintiff failed to allege a qualifying transaction and therefore falls outside the scope of the UTPCPL.

Plaintiff argues that Defendant 46 Labs' violations of the PTRA "also constitute violations of the UTPCPL" because he "is the purchaser and user of the personal property directly targeted and repeatedly impaired by the alleged unlawful campaign." ECF No. 19 at 7–8. Plaintiff cites a single case, *Valley Forge Towers S. Condo. v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 647 (Pa. Super. Ct. 1990), aff'd, 605 A.2d 798 (Pa. 1992) (per curiam), in support of his contention that "Pennsylvania law does not impose a strict technical privity requirement between the purchaser and the defendant[.]" ECF No. 19 at 7. In *Valley Forge Towers*, however, the court

emphasized that "[a] claimant under this section must . . . have suffered an ascertainable loss as the result of an 'unfair or deceptive act,'" and "made a 'purchase,' 'primarily for personal, family, or household purposes.'" *Valley Forge Towers S. Condo.*, 574 A.2d at 645. Plaintiff does not offer any allegations of an ascertainable loss, nor does he allege that he purchased, leased, obtained, or paid for any goods or services from 46 Labs or any other defendant. ECF No. 7 ¶¶ 70–73, 81–83. The fact that Plaintiff purchased his phone is irrelevant; it is not within the scope of the UTPCPL's protections. *See* 73 P.S. § 201-9.2(a). Plaintiff's claims, therefore, do not provide him a remedy under the UTPCPL. The Court, thus, dismisses Count IV with prejudice, as it is not curable.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Dismiss (ECF No. 16). Counts III and IV will be dismissed with prejudice. Counts I and II remain. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**