**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN MARCHETTI

Plaintiff,

v.

46 LABS, LLC d/b/a HYPERCUBE NETWORKS, DIGITAL SOLUTIONS INC., individually and doing business as GDS TELECOM and GDS SOLUTIONS, RURAL TELECOM EXPERTS, INC., and JOHN DOES 1-10,

Defendants.

Civil Action No. 2:26-cv-05805-CFK

---

**DEFENDANT 46 LABS, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM TO CO-DEFENDANTS**

Defendant 46 Labs, LLC (improperly named as 46 Labs, LLC d/b/a Hypercube Networks)[1] ("Defendant" or "46 Labs") by and through counsel, hereby submits its Answer to Plaintiff's Amended Complaint with Affirmative Defenses.

## I. NATURE OF THE ACTION

1. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

2. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

---

[1] 46 Labs answers solely on its own behalf. It does not respond on behalf of any other person or entity, including any entity Plaintiff intends to denote by "Hypercube Networks," which is not a trade name of 46 Labs, consistent with the position stated in 46 Labs' Motion to Dismiss.

3. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

4. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

5. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

6. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

7. 46 Labs states that the National and/or Pennsylvania Do Not Call registry is a public record that speaks for itself. 46 Labs lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including whether, when, or for what telephone number Plaintiff registered on that registry, and on that basis denies them. To the extent the allegations of this paragraph are inconsistent with the National and/or Pennsylvania Do Not Call registry, they are denied.

8. 46 Labs states that the National and/or Pennsylvania Do Not Call registry is a public record that speaks for itself. 46 Labs lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including whether, when, or for what telephone number Plaintiff registered on that registry, and on that basis denies them. To the extent the

allegations of this paragraph are inconsistent with the National and/or Pennsylvania Do Not Call registry, they are denied.

9. 46 Labs states that the National and/or Pennsylvania Do Not Call registry is a public record that speaks for itself. 46 Labs lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including whether, when, or for what telephone number Plaintiff registered on that registry, and on that basis denies them. To the extent the allegations of this paragraph are inconsistent with the National and/or Pennsylvania Do Not Call registry, they are denied.

10. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

11. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

12. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

13. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

14. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

15. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

16. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

17. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

18. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

19. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

20. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

21. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

22. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

23. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

24. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

25. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

26. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

27. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly

allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

28. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

29. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

30. 46 Labs states that no “Exhibit A” is attached to the Amended Complaint, and 46 Labs does not concede that any such exhibit is properly part of or incorporated into the Amended Complaint. To the extent this paragraph relies on the document filed as Exhibit A to the original Complaint, 46 Labs lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. Answering further, 46 Labs did not place, initiate, make, or transmit any Subject Call, and no Subject Call traversed the Network.

31. 46 Labs states that no "Exhibit A" is attached to the Amended Complaint, and 46 Labs does not concede that any such exhibit is properly part of or incorporated into the Amended Complaint. To the extent this paragraph relies on the document filed as Exhibit A to the original Complaint, 46 Labs lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. Answering further, 46 Labs did not place, initiate, make, or transmit any Subject Call, and no Subject Call traversed the Network.

32. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

33. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of

the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

34. Written communications between Plaintiff and Amy Lasitter speak for themselves and any mischaracterizations are denied and strict proof is demanded. The allegations in this paragraph further contain conclusions of law to which no response is required. Answering further, 46 Labs admits only that it received correspondence from Plaintiff to which a representative responded, and as a courtesy, relayed information regarding other carriers who may maintain the numbers identified as the Subject Calls. 46 Labs expressly denies that these communications are an admission that 46 Labs placed, initiated, made, or controlled any Subject Calls.

35. Any mischaracterizations of communication between Plaintiff and 46 Labs and/or any representative(s) are denied and strict proof is demanded. The allegations in this paragraph further contain conclusions of law to which no response is required. Answering further, 46 Labs admits only that it received correspondence from Plaintiff to which a representative responded, and as a courtesy, relayed information regarding other carriers who may maintain the numbers identified as the Subject Calls. 46 Labs expressly denies that these communications are an admission that 46 Labs placed, initiated, made, or controlled any Subject Calls.

36. Any mischaracterizations of communication between Plaintiff and 46 Labs and/or any representative(s) are denied and strict proof is demanded. Defendant lacks sufficient

knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

37. Any mischaracterizations of communication between Plaintiff and 46 Labs and/or any representative(s) are denied and strict proof is demanded. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

38. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

39. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

40. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. The allegations in this paragraph further contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

41. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom,

or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

42. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone

number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

43. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the “Network”) over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff’s Exhibit A (the “Subject Calls”); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly

allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

44. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the “Network”) over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff’s Exhibit A (the “Subject Calls”); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or

constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

45. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose,

received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

46. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

47. The allegations in this paragraph are not a short and plain statement of any claim showing that Plaintiff is entitled to relief under Fed. R. Civ. P. 8 and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

48. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

## II. JURISDICTION AND VENUE

49. Admitted.

50. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

51. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

52. The allegations in this paragraph solely pertain to dismissed claims pursuant to this Court's Order on Defendant's Motion to Dismiss and therefore no response is required. *See* Doc. 29. To the extent a response is required, the allegations are denied and strict proof is demanded.

53. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

## III. PARTIES

54. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

55. Written communications between Plaintiff and Amy Lasitter speak for themselves and any mischaracterizations are denied and strict proof is demanded. The allegations in this paragraph further contain conclusions of law to which no response is required. Answering further, 46 Labs admits only that it received correspondence from Plaintiff to which a representative responded, and as a courtesy, relayed information regarding other carriers who may maintain the numbers identified as the Subject Calls. 46 Labs expressly denies that these communications are an admission that 46 Labs placed, initiated, made, or controlled any Subject Calls.

56. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

57. Admitted. Answering further, Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial.

58. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded. Answering further, 46 Labs is a telecommunications switch provider that operates a network (the "Network") over which calls originated by third parties may be transmitted. 46 Labs did not place, initiate, make, select the recipients of, or control any of the calls identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. 46 Labs did not willfully enable the spoofing of any telephone number, did not assist any person in blocking or manipulating Caller ID, and did not knowingly allow any person to use the Network for any unlawful purpose. 46 Labs had no actual or constructive knowledge or notice that any Subject Call was placed for any unlawful purpose, received no traceback, complaint, or other notice identifying any Subject Call as unlawful, and had no right, ability, or practical means to control, supervise, screen, or prevent the calling conduct of the third parties who originated such calls. 46 Labs has investigated its records, including its Call Detail Records, and no Subject Call was placed, initiated, originated, or transmitted by 46 Labs or traversed the Network. 46 Labs has no record that it placed, initiated, made, or transmitted any Subject Calls, and specifically denies that it did so. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or renders it so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs denies all liability and strict proof is demanded at trial. Answering further, Written communications between Plaintiff and Amy Lasitter speak for themselves and any

mischaracterizations are denied and strict proof is demanded. Answering further, 46 Labs admits only that it received correspondence from Plaintiff to which a representative responded, and as a courtesy, relayed information regarding other carriers who may maintain the numbers identified as the Subject Calls. 46 Labs expressly denies that these communications are an admission that 46 Labs placed, initiated, made, or controlled any Subject Calls.

59. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, denied and strict proof is demanded.

60. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

61. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

62. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

63. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

64. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law

to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

65. The allegations in this paragraph are not a short and plain statement of any claim showing that Plaintiff is entitled to relief under Fed. R. Civ. P. 8 and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

## IV. FACTUAL ALLEGATIONS

66. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

67. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

68. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

69. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

70. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

71. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

72. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, the allegations are denied and strict proof is demanded.

73. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

74. 46 Labs states that no "Exhibit A" is attached to the Amended Complaint, and 46 Labs does not concede that any such exhibit is properly part of or incorporated into the Amended Complaint. To the extent this paragraph relies on the document filed as Exhibit A to the original Complaint, 46 Labs lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. Answering further, 46 Labs did not place, initiate, make, or transmit any Subject Call, and no Subject Call traversed the Network.

75. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

76. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

77. Any preservation demand speaks for itself and any mischaracterizations are denied. The allegations in this paragraph also contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

78. Any preservation demand speaks for itself and any mischaracterizations are denied. The allegations in this paragraph also contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

79. Any preservation demand speaks for itself and any mischaracterizations are denied. The allegations in this paragraph also contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

80. The allegations in this paragraph are not a short and plain statement of any claim showing that Plaintiff is entitled to relief under Fed. R. Civ. P. 8 and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof is demanded.

81. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

82. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

83. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law

to which no response is required. To the extent a response is required, denied and strict proof is demanded.

84. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

## V. COUNT I – TCPA – ARTIFICIAL AND/OR PERRECORDED VOICE 47 U.S.C. § 227(b)

85. Defendant incorporates its answers to paragraphs 1 through 84 as if set forth fully herein.

86. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

87. The allegations in this paragraph are conclusions of law to which no response is required. The allegations in this paragraph also pertain to other defendants to which no response is required. To the extent a response is required, denied and strict proof is demanded.

88. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

89. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

90. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

91. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

## VI. COUNT II – TCPA DO-NOT-CALL AND TELEPHONE SOLICIATION VIOLATIONS 47 U.S.C. § 227(c)

92. Defendant incorporates its answers to paragraphs 1 through 84 as if set forth fully herein.

93. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, denied and strict proof is demanded.

94. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, denied and strict proof is demanded.

95. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. To the extent a response is required, denied and strict proof is demanded.

96. The allegations in this paragraph are conclusions of law to which no response is required. The allegations in this paragraph also pertain to other defendants to which no response is required. To the extent a response is required, denied and strict proof is demanded.

97. The allegations in this paragraph are conclusions of law to which no response is required. The allegations in this paragraph also pertain to other defendants to which no response is required. To the extent a response is required, denied and strict proof is demanded.

98. Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph. The allegations in this paragraph are conclusions of law to which no response is required. The allegations in this paragraph also pertain to other

defendants to which no response is required. To the extent a response is required, denied and strict proof is demanded.

99. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied and strict proof is demanded.

**VII. COUNT III – PA TELEMARKETER REGISTRATION ACT**
**73 P.S. §§ 2241 et seq.**

100-109. The allegations in this paragraph solely pertain to dismissed claims pursuant to this Court's Order on Defendant's Motion to Dismiss and therefore no response is required. *See* Doc. 29.

**VIII. COUNT III – PA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**
**73 P.S. §§ 201-1 et seq.**

110-117. The allegations in this paragraph solely pertain to dismissed claims pursuant to this Court's Order on Defendant's Motion to Dismiss and therefore no response is required. *See* Doc. 29.

118. Any allegations not expressly admitted are denied.

WHEREFORE, Defendant 46 Labs, LLC respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff and dismiss all claims with prejudice, together with attorneys' fees and costs of suit, and any such other relief that this Court may deem just.

**AFFIRMATIVE DEFENSES**

Defendant reserves the right to amend its Answer to rely upon and additional defenses that may become available during the course of discovery.

FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

46 Labs did not place, initiate, make, select the recipients of, or control any of the calls within the meaning of 47 U.S.C. § 227 and any applicable Federal Communications Commission orders, of such calls which were identified in the Amended Complaint or Plaintiff's Exhibit A (the "Subject Calls"); it did not create, script, record, or control the content or purpose of any Subject Calls; it did not compile, provide, or use any call or lead list; and it exercised no discretion over whether, when, to whom, or if any Subject Calls were placed. Any Subject Calls were originated by one or more third parties over whom 46 Labs exercised no control, and 46 Labs denies that any transmission function it may perform as a platform provider constitutes making or initiating a call or otherwise gives rise to liability. 46 Labs did not take the steps necessary to physically place any Subject Call and was not so involved in the placing of any Subject Call as to be deemed to have initiated it. 46 Labs is, at most, a provider of transmission services over which third parties originate calls, and the conduct of those third parties cannot be attributed to 46 Labs.

THIRD AFFIRMATIVE DEFENSE

Defendant acted properly, reasonably and with good faith at all applicable times and Defendant did not engage in any willful or knowing violation of applicable law.

FOURTH AFFIRMATIVE DEFENSE

Defendant did not engage in unlawful conduct.

FFIFTH AFFIRMATIVE DEFENSE

Any alleged unlawful conduct was a result of third parties over which Defendant maintains no agency, discretion or control over.

SXITH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Plaintiff, the existence of which are denied, were not caused by any action or omission of Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

EIGHTH AFFIRMATIVE DEFENSE

Defendant avails itself to any and all defenses as afforded under the law and set forth under the Telephone Consumer Protection Act and 47 C.F.R. § 64.1200, including, but not limited to the defense that Defendant has established and implemented, with due care, reasonable practices and procedures under 47 U.S.C. § 227(c).

NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing for failure to plead a concrete injury.

TENTH AFFIRMATIVE DEFENSE

Plaintiff’s claims may be barred, in whole or in part, by the applicable statute of limitations, including the four-year limitations period of 28 U.S.C. § 1658(a), to the extent any Subject Call alleged in the Amended Complaint or Plaintiff's Exhibit A occurred more than four years before this action was commenced.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff’s claims are barred, in whole or in part, to the extent any call at issue was made with the prior express consent, or prior express written consent, of the called party, which consent was not revoked. 46 Labs pleads this defense in the alternative and without waiver of its position that it did not place, initiate, make, or control any Subject Call.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join one or more necessary parties under Federal Rule of Civil Procedure 19, namely the third parties who placed, initiated, originated, and controlled the Subject Calls, over whom 46 Labs exercised no control and for whose conduct 46 Labs is not responsible.

WHEREFORE, Defendant 46 Labs, LLC respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff and dismiss all claims with prejudice, together with attorneys' fees and costs of suit, and any such other relief that this Court may deem just.

## CROSS-CLAIMS FOR INDEMNITY AND CONTRIBUTION AGAINST ALL CO-DEFENDANTS

1. Defendant denies and has denied any and all liability to Plaintiff in any amount and Defendant makes no admission as to the truth of any of the averments in Plaintiff's Amended Complaint, having denied those averments as set forth above.

2. Defendant, while denying any liability on its part, states that in the event Plaintiff is determined to be entitled to recover damages at trial, then any injuries or damages suffered by Plaintiff in this action were the sole, direct and proximate result of the acts of co-defendants, the allegations of which are set forth more fully in Plaintiffs' Complaint. Those allegations are incorporated herein by reference solely for the purposes of raising these claims as a Cross Claim and in making such reference, Defendant make no admissions as to the truth of any of the allegations contained in Plaintiff's Amended Complaint, having denied those allegations as set forth above.

3. In the alternative, in the event that it is established that Defendant is liable to Plaintiff, then in such event, Defendant asserts crossclaims for contribution and/or indemnification against Defendants, Digital Solutions Inc., individually and d/b/a GDS Telecom and GDS Solutions; Rural Telecom Experts, Inc.; and John Does 1-10 (the "Co - Defendants"), as the alleged losses and damages at issue in this case are and/or may be due to any of the Co-Defendants' acts and/or omissions as alleged in the Plaintiff's Complaint, and therefore, Answering Defendant is entitled to contribution and indemnification from the Co-Defendants in those alternatives.

4. Co-Defendants are liable to Answering Defendant for contribution and/or indemnification based upon breaches of duty under common law, statute or contract, as alleged in Plaintiff's Complaint, and/or for causing the alleged losses or damages to Plaintiff as set forth in the Complaint.

WHEREFORE, Defendant 46 Labs, LLC respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff, or against Co-Defendants on the grounds that they are solely liability to the Plaintiff, or in the alternative, while admitting no liability to Plaintiff and expressly denying same, that they are jointly and severally liable to Plaintiff, or liable over Defendant for indemnity and/or contribution.

Respectfully submitted,

**CLARK HILL PLC**

Dated: November 3, 2026

*/s/ Jessica D. Reilly*

Andrew P. Carroll, Esquire – PA ID #316334
Jessica D. Reilly, Esquire – PA ID #324575
2001 Market Street, Suite 2620
Two Commerce Square
Philadelphia, PA 19103
215-640-8500
jreilly@clarkhill.com
apcarroll@clarkhill.com

Lindsay S. Fouse-Hopkins, Esquire – PA ID #320590
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
412-394-2497
lfouse@clarkhill.com
*Attorneys for Defendant 46 Labs, LLC*

**CERTIFICATE OF SERVICE**

I, Jessica D. Reilly, Esquire, attorney for Defendants, hereby certify that on this date, the foregoing *Answer to Plaintiff's Amended Complaint* was electronically filed and available for viewing and downloading via the ECF system to all counsel of record and was served via First Class Mail to the address below:

John Marchetti
113 Academy Rd
Clifton Heights, PA 19018
*Pro Se Plaintiff*

Dated: November 3, 2026

By: */s/ Jessica D. Reilly*
Jessica D. Reilly, Esquire